UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY JOHN SANFORD,<br><br>    Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | Case No. 20-cv-5389 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

On August 4, 2020, Petitioner, a California state prisoner, filed a letter which was construed as an attempt to file a petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1] Dkt. No. 1. On the same day, the Clerk sent Petitioner two separate notices informing him that he must: 1) file a petition on the court form, Dkt. No. 2, and 2) either pay the filing fee or file an *In Forma Pauperis* ("IFP") application within twenty-eight days or face dismissal, Dkt. No. 4. The Court granted Petitioner an extension of time to comply. Dkt. No. 2. Petitioner paid the filing fee. Dkt. No. 10.

On September 28, 2020, Petitioner filed a letter of explanation describing the course of his actions in challenging his state conviction and filing this action. Dkt. No. 11. The

---

[1] This matter was reassigned to this Court on August 26, 2020. Dkt. No. 8.

Court has reviewed the papers that were filed in initiating this matter, Dkt. No. 1, and finds that Petitioner included a federal petition at the end of the packet under Exhibit "H" which was overlooked by the Clerk. Dkt. No. 1 at 29-35. Accordingly, the Clerk's notice directing Petitioner to file a form petition was unnecessary. Dkt. No. 2. The Court now discusses the problems presented by the instant petition below.

## DISCUSSION

**A.**     **Exhaustion**

According to the petition, Petitioner was found guilty by a jury in Humboldt County Superior Court of several counts involving acts against a child, and sentenced to 27 years in state prison on February 23, 2017. Dkt. No. 1 at 30. Petitioner appealed the matter to the state appellate and high courts without success. *Id.* at 34. He filed the instant action on August 4, 2020, although the petition bears a signature dated May 23, 2020. *Id.* at 35. When he filed this action, Petitioner requested more time to include additional claims. Dkt. No. 1 at 1; Dkt. No. 11 at 3.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process."). The Ninth Circuit has held that the appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal petition is filed, not when it comes on for hearing in the district court or court of

appeals, *Gatlin v. Madding*, 189 F.3d 882, 889 (9th Cir. 1999).; *Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993).  If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition.  *See Rose v. Lundy*, 455 U.S. at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).

According to the petition, Petitioner exhausted two claims in the state courts: (1) the trial court failed to take an adequate waiver of counsel, and (2) the trial court granted self-representation erroneously.  Dkt. No. 1 at 34.  In the instant petition, Petitioner raises the following grounds for relief: (1) "judicial structural errors" for denying him advisory counsel at trial, no hearing on the same, and restricting the appointment of advisory counsel made by the first judge; (2) prosecutorial misconduct for coaching the complaining witness; (3) ineffective assistance of advisory counsel "to be established at a later date"; and (4) ineffective assistance of appellate counsel "to be established at a later date." Dkt. No. 1 at 31-33.  Based on this information, it appears that the claims Petitioner raised on appeal in the state courts are not the same claims he wishes to pursue in this action.[2]  As such, it does not appear that the four claims Petitioner wishes to pursue in this action are exhausted.  In fact, Petitioner states that he is still researching some of the claims, particularly the ineffective assistance of counsel claims under three and four.  Accordingly, Petitioner would not have given the state's highest court an opportunity to rule on such claims even if he were granted additional time to amend the instant petition to add them.  Therefore, the four claims presented in the petition are not ripe for federal review because Petitioner has not exhausted his state judicial remedies.  *See Rose*, 455 U.S. at 522.

The Court will liberally construe the petition to include the claims Petitioner presented to the state courts as being part of this action.  Because the petition then contains both exhausted and unexhausted claims, it is a mixed petition and therefore subject to

---

[2] The Court makes no finding at this time with respect to the cognizability of any of the claims raised in the state courts or the instant petition.

3

dismissal. *See Rose v. Lundy*, 455 U.S. at 510. When faced with a post-AEDPA mixed petition, the district court must sua sponte inform the habeas petitioner of the mixed petition deficiency and provide him an opportunity to amend the mixed petition by striking unexhausted claims as an alternative to suffering dismissal before the court may dismiss the petition. *Jefferson v. Budge*, 419 F.3d 1013, 1016 (9th Cir. 2005). Accordingly, Petitioner may file notice that he wishes to strike the unexhausted claims and proceed solely on the claims that he presented to the state courts as identified above. *See supra* at 2. In the alternative, Petitioner may attempt to seek a stay of the matter so he can return to the state courts and exhaust additional claims as explained below.

**B.    Motion for Stay**

If Petitioner wishes to pursue additional claims and return to the state courts to exhaust judicial remedies, he must file a motion in this Court under *Rhines v. Webber*, 544 U.S. 269 (2005), or *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), as explained below.

District courts have the authority to issue stays and AEDPA does not deprive them of that authority. *Rhines*, 544 U.S. at 277-78. However, the district court's discretion to stay a mixed petition is circumscribed by AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in the state courts before filing their claims in federal court. *Id.* at 277. Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA, its use is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. *Id.* Moreover, where granting a stay, the district court must effectuate the timeliness concerns in AEDPA by placing "reasonable limits on a petitioner's trip to state court and back." *Id*. at 278. An assertion of good cause turns on whether the petitioner can set forth a reasonable excuse supported by sufficient evidence to justify the failure to exhaust. *See Blake v. Baker*, 745 F.3d 977, 983–84 (9th Cir. 2014)

(reversing denial of stay when petitioner supported his good cause argument with evidence including a neuropsychological and psychological evaluation and many declarations). Good cause for failure to exhaust does not require "extraordinary circumstances." *Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005). But *Rhines* made it clear that district courts should only stay mixed petitions in "limited circumstances." *Id*. at 661.

The district courts retain the same degree of discretion they had before *Rhines* to implement the three-step procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), particularly when "'outright dismissal [of an entire mixed petition would] render it unlikely or impossible for the petitioner to return to federal court within the one-year limitation period imposed by [AEDPA].'" *King v. Ryan*, 564 F.3d 1133, 1141-42 (9th Cir. 2009) (citing *Kelly*, 315 F.3d at 1070). "Pursuant to the *Kelly* procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and reattaches the newly exhausted claims to the original petition." *Id.* at 1134 (citing *Kelly*, 315 F.3d at 1070-71).

A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required to show good cause, as under *Rhines*, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King*, 564 F.3d at 1141-43 (finding district court's dismissal of unexhausted claims was improper because petitioner was not required to show good cause to avail himself of the *Kelly* three-part procedure but affirming the dismissal as harmless because the unexhausted claims did not relate back to the claims in the original petition that were fully exhausted at the time of filing).

If Petitioner wants to seek a stay of this matter under *Rhines* or *Kelly*, he must file a motion satisfying the appropriate standards in the time provided below. Petitioner is advised that he must clearly state the new claims that he plans to raise in the state courts and that no additional time to research new claims will be permitted at this time.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The petition is DISMISSED with leave to amend. **No later than twenty-eight (28) days** from the date this order is filed, Petitioner may file notice that he wishes to strike the unexhausted claims and proceed solely on the two claims that he presented to the state courts as identified above. *See supra* at 2.

2. In the alternative, Petitioner may file a motion for stay under *Rhines* or *Kelly* in order to return to the state courts and exhaust the unexhausted claims. Along with the motion, he must still file an amended petition that contains only exhausted claims. If the motion for stay is granted, he will later be permitted to amend the petition to include the newly exhausted claims. Petitioner must file a motion for a stay **no later than twenty-eight (28) days** from the date this order is filed.

**Failure to respond in accordance with this order in the time provided will result in the dismissal without prejudice of this mixed petition under *Rose v. Lundy*, 455 U.S. at 510.**

**IT IS SO ORDERED.**

Dated: _October 7, 2020_____

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
P:\PRO-SE\BLF\HC.20\05389Sanford_dwlta.docx