UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY JOHN SANFORD,<br><br>    Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | Case No. 20-cv-5389 BLF (PR)<br><br>**ORDER GRANTING REQUEST FOR ADDITIONAL TIME TO FILE A RESPONSE TO COURT'S INITIAL REVIEW ORDER**<br><br>(Docket No. 13) |

On August 4, 2020, Petitioner, a California state prisoner, filed a letter which was construed as an attempt to file a petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1]  Dkt. No. 1.  Petitioner paid the filing fee.  Dkt. No. 10.

On September 28, 2020, Petitioner filed a letter of explanation describing the course of his actions in challenging his state conviction and filing this action.  Dkt. No. 11.  The Court reviewed the papers that were filed in initiating this matter, Dkt. No. 1, and found that Petitioner included a federal petition at the end of the packet under Exhibit "H" which was overlooked by the Clerk.  Dkt. No. 1 at 29-35.  The Court conducted an initial review of the petition and found it contained both exhausted and unexhausted claims.  Dkt. No.

---

[1] This matter was reassigned to this Court on August 26, 2020.  Dkt. No. 8.

12. Petitioner was therefore directed to either file an amended petition containing only exhausted claims or file a motion for a stay under either *Rhines v. Webber*, 544 U.S. 269 (2005), or *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), while he returns to the state courts to exhaust additional claims. *Id.*

In response, Petitioner has filed a letter requesting additional time to respond, as well as expressing dissatisfaction with the Court's silence with regards to his "current circumstances nor the oppressive reality that COVID-19 has placed on [his] ability to respond to the Court's requirements for habeas action." Dkt. No. 13 at 1. Petitioner asserts that "[t]hese are extraordinary times," that neither *Rhines* nor *Kelly* are applicable to his circumstances, and that he merely sought to file a petition in the federal courts "to remain active under the one year restrictions placed by the Federal Government on habeas procedure." *Id.* at 2-3. The Court addresses Petitioner's response below.

## DISCUSSION

### A. <u>Timeliness</u>

District courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition. *Day v. McDonough*, 547 U.S. 198, 210 (2006).

It appears from the initial filings in this matter that Petitioner initiated this action in order to avoid running afoul of the statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional

right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *Id*. § 2244(d)(2).

Here, Petitioner's appellate counsel correctly advised him of this one-year limitations period, Dkt. No. 1 at 7, as well as the ninety days included for "direct review" during which time a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).[2] Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final 90 days after the California Supreme Court denied review).

The petition indicates that Petitioner did not seek a writ of certiorari from the United States Supreme Court. Dkt. No. 1 at 14. Therefore, the judgment for his state conviction became final ninety days after the state high court denied review on April 24, 2019, *i.e.*, on July 23, 2019. Dkt. No. 1 at 5; *Miranda*, 292 F.3d at 1065. The limitations period began to run the next day such that Petitioner had until July 23, 2020, to file a

---

[2] Title 28 U.S.C. § 1257(a) authorizes the United States Supreme Court to review "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had ... where any title, right, privilege, or immunity is specially set up or claimed by the Constitution." In a criminal prosecution, finality generally is defined by a judgment of conviction and the imposition of a sentence. Florida v. Thomas, 532 U.S. 774, 776-77 (2001) (finding no final judgment—and thus no jurisdiction to review state supreme court's decision on constitutionality of search—where case remanded to trial court for further proceedings).

3

timely federal habeas action in this Court.  28 U.S.C. § 2244(d)(1)(A).  Before the limitations period expired, Petitioner filed a state petition for writ of habeas corpus in Humboldt County Superior Court on June 3, 2020.  *Id.* at 9-15.  The state superior court denied the petition on June 15, 2020.  *Id.* at 23-24, 26.  Since Petitioner initiated state collateral proceedings before the limitations had expired, he is entitled to statutory tolling under 28 U.S.C. § 2244(d)(2).  Therefore, Petitioner is entitled to 13 days of tolling (i.e., from June 3, 2020, when he filed the state habeas petition until June 15, 2020, when the superior court denied it), such that Petitioner had until August 5, 2020, to file a timely federal habeas action.  Since he filed the instant petition on August 4, 2020, this petition is timely.

From his pleadings, it is clear that Petitioner wants to include claims that were not exhausted through his direct appeal.  As explained in the Court's initial review order, Petitioner must exhaust any new claims in the state courts before he may have this Court review them.  Dkt. No. 12 at 2-3; *see* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982).  If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition.  *See Rose v. Lundy*, 455 U.S. at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).  Prisoners may avoid the risk of having the federal statute of limitations expire while they are exhausting their state remedies "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted."  *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber*, 544 U.S. 269, 277 (2005)).  This request for a stay and abbey is the same as the motion for stay described in the Court's initial review order.  Dkt. No. 12 at 4-5.

The Court acknowledges that these are "extraordinary" and challenging times due to the COVID-19 pandemic.  However, the instructions that the Court provided in its initial review order were neither incorrect nor burdensome.  Petitioner may either proceed solely

4

on exhausted claims or seek a stay of this action so that he can pursue collateral review in the state courts to exhaust new claims. The first choice requires that he file an amended petition containing only those claims exhausted on direct review. In this regard, Petitioner need only attach a copy of the petition for review filed with the state high court to a completed federal habeas form. If he is unable to make a copy of the state petition, the instructions on the court form petition merely require that he briefly state each claim with facts in support. Legal arguments and case citations are not necessary nor is Petitioner required to submit any documents as evidence. The second choice requires that Petitioner file a motion under either *Rhines*, 544 U.S. 269, or *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), as explained in the Court's initial review order. Dkt. No. 12 at 4-5.

A motion filed under *Rhines* requires Petitioner provide the following: (1) good cause, *i.e.*, state a reasonable excuse to justify the failure to exhaust the claim in state court; and (2) a simple statement of each claim sufficient for the Court to determine whether it is potentially meritorious. 544 U.S. at 277-78. A motion under *Kelly* does not require Petitioner show good cause as under *Rhines*, but he must show that the amendment of the new claims which he seeks to exhaust relate back to the exhausted claims by sharing a "common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 655 (2005). Petitioner need not conduct more research to prepare a motion for stay as the Court has already provided him the relevant law, and he need only provide sufficient facts to state a constitutional claim which can be found in the trial records which he states he received from appellate counsel in November 2019. Dkt. No. 11 at 1.

In accordance with the foregoing, Petitioner must file an amended petition containing only exhausted claims in the time provided below in order to proceed in this matter. If Petitioner wants to seek a stay of this matter under *Rhines* or *Kelly* to exhaust new claims in the state courts and present them for federal habeas review, he must also file a motion satisfying the appropriate standards in the same time provided below.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.    Petitioner's request for additional time to respond is **GRANTED**.  **No later than forty-two (42) days** from the date this order is filed, Petitioner may file notice that he wishes to strike the unexhausted claims and proceed solely on the two claims that he presented to the state courts as discussed in the Court's initial review order.  Dkt. No. 12.

2.    In the alternative, Petitioner may file a motion for stay under *Rhines* or *Kelly* to return to the state courts and exhaust new claims.  Along with the motion, he must still file an amended petition that contains only exhausted claims as discussed above.  If the motion for stay is granted, he will later be permitted to amend the petition to include the newly exhausted claims.  Petitioner must file a motion for a stay **no later than forty-two (42) days** from the date this order is filed.

**Failure to respond in accordance with this order in the time provided will result in the dismissal without prejudice of this mixed petition under *Rose v. Lundy*, 455 U.S. at 510.**

3.    Petitioner requests a copy of his letter, filed under Docket No. 11.  Dkt. No. 13 at 5.  In the interest of justice, the Court will grant the request.  **The Clerk of the Court is directed to include a copy of Docket No. 11 with a copy of this order to Petitioner.**

**IT IS SO ORDERED.**

Dated:  _**November 23, 2020**___

BETH LABSON FREEMAN
United States District Judge

Order Granting Ext. of Time to File Response
P:\PRO-SE\BLF\HC.20\05389Sanford_eot-response.docx