1

2

3

4

5

6

7

8 UNITED STATES DISTRICT COURT

9 NORTHERN DISTRICT OF CALIFORNIA

10

11 BARRY JOHN SANFORD,

Petitioner,

12 v.

13

14 PEOPLE OF THE STATE OF
CALIFORNIA,

15

16 Respondent.

17

Case No. 20-05389  BLF (PR)

**ORDER GRANTING MOTION FOR STAY; INSTRUCTIONS TO CLERK; ADMINISTRATIVELY CLOSING CASE**

(Docket No. 15)

18    Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas

19 corpus under 28 U.S.C. § 2254, challenging his state conviction.  The Court dismissed the

20 petition with leave to amend, for Petitioner to file notice that he wishes to either strike the

21 unexhausted claims or a motion for stay.  Dkt. No. 12.  Petitioner has filed motion for stay

22 to exhaust additional claims in state court.  Dkt. No. 15.  For the reasons discussed below,

23 the motion for a stay is **GRANTED**.

24

25    **BACKGROUND**

26    According to the petition, Petitioner was found guilty by a jury in Humboldt County

27 Superior Court of several counts involving acts against a child, and was sentenced to 27

28 years in state prison on February 23, 2017.  Dkt. No. 1 at 30.  Petitioner appealed the

matter to the state appellate and high courts based on two claims, but without success.  Id. at 34.

He filed the instant action on August 4, 2020, although the petition bears a signature dated May 23, 2020.  Id. at 35.  When he filed this action, Petitioner requested more time to include additional claims.  Dkt. No. 1 at 1; Dkt. No. 11 at 3.  The four claims he raised in the instant action were different from the two claims that he raised on direct appeal.  Dkt. No. 1 at 31-33.  Liberally construing the petition, the Court found it contained both exhausted and unexhausted claims, and therefore subject to dismissal under *Rose v. Lundy*, 455 U.S. 509, 510 (1982).  Dkt. No. 12 at 3-4.


## DISCUSSION

**A.**   **Motion to Stay**

Petitioner requests a stay under *Rhines v. Webber*, 544 U.S. 269 (2005), to exhaust new claims that were not raised by appellate counsel on direct appeal.  Dkt. No. 15.  The unexhausted claims involve allegations of judicial misconduct by the trial court for denying him counsel, ineffective assistance of advisory counsel, prosecutorial misconduct, and ineffective assistance of appellate counsel.  *Id.* at 3-4.

Prisoners in state custody seeking to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  *See* 28 U.S.C. § 2254(b),(c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988).  The exhaustion requirement is satisfied only if the federal claim (1) has been "fairly presented" to the state courts, *see id.*; *Crotts v. Smith*,

73 F.3d 861, 865 (9th Cir. 1996); or (2) no state remedy remains available, *see Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). As discussed above, the Court has already determined that the petition contains claims that have not been exhausted in the state courts. *See supra* at 2. Accordingly, the instant petition is a mixed petition.

District courts have the authority to issue stays and AEDPA does not deprive them of that authority. *Rhines v. Webber*, 544 U.S. 269, 277-78 (2005). However, the district court's discretion to stay a mixed petition is circumscribed by AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in the state courts before filing their claims in federal court. *Id.* at 277. Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA, its use is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. *Id.* The Court finds that Petitioner has not engaged in dilatory tactics and the unexhausted claims above are potentially meritorious. Consequently, Petitioner's motion to stay this action while he exhausts all claims in the state courts will be granted.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.      Petitioner's request to stay the petition is **GRANTED**. Dkt. No. 15. The above-titled action is hereby **STAYED** until **twenty-eight (28) days** after the state high court's final decision on Petitioner's unexhausted claims.

2.      If Petitioner intends to have this Court consider the unexhausted claims, he must have properly presented them to the Supreme Court of California, and if he has not

obtained relief in state court, thereafter notify the Court **within twenty-eight (28) days** of the California Supreme Court's decision, by filing a motion to reopen this action and stating therein that all the claims in the instant federal petition have been exhausted.  If he has not already done so, Petitioner must file a state habeas petition **within sixty (60) days** from the date this order is filed and file notice with this Court that he has done so.

3.      The Clerk shall **ADMINISTRATIVELY CLOSE** the file pending the stay of this action.  This has no legal effect; it is purely a statistical procedure.  When Petitioner informs the Court that he has exhausted his additional claims, the case will be administratively re-opened.

This order terminates Docket No. 15.

**IT IS SO ORDERED.**

**Dated:  _January 11, 2021_____**

BETH LABSON FREEMAN
United States District Judge

Order Granting Stay; Inst. To Clerk
PRO-SE\BLF\HC.20\05389Sanford_stay